# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ELICIA SHIPMAN, Individually, and On Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **Baylor Health Care System, variously d/b/a Baylor University Medical Center at Dallas; Baylor Scott & White Medical Center–Fort Worth; Baylor Scott & White Medical Center–Carrollton; Baylor Scott & White Medical Center–Garland; Baylor Scott & White Medical Center–Grapevine; Baylor Scott & White Medical Center–Irving; Baylor Scott & White Medical Center–McKinney; Baylor Scott & White Medical Center–Plano; Baylor Scott & White Medical Center–Waxahachie; Baylor T. Boone Pickens Cancer Hospital; and Paul and Judy Andrews Women's Hospital at Baylor All Saints Medical Center,** | § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO. _____**<br><br>**JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE AND CLASS
## ACTION COMPLAINT & JURY DEMAND

## I.  SUMMARY OF SUIT

1.      Baylor Health Care System[1] fails to compensate non-exempt nurses as required by law for work performed during meal breaks. This failure to pay nurses properly is found throughout the Baylor Health Care System.

---

[1] Baylor Health Care System is one corporate entity which does business as the following institutions: Baylor University Medical Center at Dallas; Baylor Scott & White Medical Center–Fort Worth; Baylor Scott & White Medical Center–Carrollton; Baylor Scott & White Medical Center–Garland; Baylor Scott & White Medical Center–Grapevine; Baylor Scott & White Medical Center–Irving; Baylor Scott & White Medical Center–McKinney; Baylor Scott & White Medical Center–Plano; Baylor Scott & White Medical Center–Waxahachie; Baylor T. Boone Pickens Cancer Hospital; and Paul and Judy Andrews Women's Hospital at Baylor All Saints Medical Center.

2.     An employer is not required to pay an employee for meal periods if the employer can satisfy its burden of demonstrating that the employee received a bona fide meal period which primarily benefited the employee. Baylor Health Care System, however, does not provide bona fide meal periods for its nurses who are responsible for direct patient care. The nurses are required to remain responsible for patient care throughout their shifts. Instead of making nurses clock out for their meal periods and then clock back in at the end of a meal period, Baylor postulates a world in which nurses are able to find a 30-minute block of uninterrupted time to enjoy a bona fide meal period. That world does not exist, or, if it does, it is not to be found in the Baylor Health Care System. Baylor enriches itself at its employees' expense by deducting 30 minutes of compensable time from each nurse's shift for a hypothetical bona fide meal period, when in fact the nurse remains on duty throughout that time, while Baylor enjoys the benefit of the uncompensated work performed. Baylor's policies and practices result in nurses remaining responsible for patient care throughout their shifts, to include during the uncompensated meal periods. When nurses do attempt to eat, interruptions abound. As they are not completely relieved of duties during meal periods and are not paid for those on-duty meal periods, Baylor's policies and practices result in the denial of regular wages due under Texas state law, and in the denial of overtime wages due under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA" or the "Act").

3.     Plaintiff ELICIA Shipman is a registered nurse who worked at Baylor University Medical Center at Dallas. She is similarly situated to the following classes of Baylor's employees:

**FLSA Class:**

**Nurses employed in the Baylor Health Care System at any time during the three years before this Complaint was filed up to the present, who had 30 minutes automatically deducted from their shifts for meal break periods, and who worked more than 40 hours**

**per week including the unpaid meal periods, in one or more weeks of employment at one of the following Baylor Health Care System hospitals:**

**Baylor University Medical Center at Dallas; Baylor Scott & White Medical Center-Fort Worth; Baylor Scott & White Medical Center-Carrollton; Baylor Scott & White Medical Center-Garland; Baylor Scott & White Medical Center–Grapevine; Baylor Scott & White Medical Center-Irving; Baylor Scott & White Medical Center–McKinney; Baylor Scott & White Medical Center-Plano; Baylor Scott & White Medical Center-Waxahachie; Baylor T. Boone Pickens Cancer Hospital; and Paul and Judy Andrews Women's Hospital at Baylor All Saints Medical Center.**

**Rule 23 Class:**

**Nurses employed in the Baylor Health Care System at any time during the four years before this Complaint was filed up to the present, who had 30 minutes automatically deducted from their shifts for meal break periods, in weeks in which they worked 40 or fewer hours per week including the unpaid meal periods, in one or more weeks of employment at one of the following Baylor Health Care System hospitals:**

**Baylor University Medical Center at Dallas; Baylor Scott & White Medical Center-Fort Worth; Baylor Scott & White Medical Center-Carrollton; Baylor Scott & White Medical Center-Garland; Baylor Scott  & White Medical Center–Grapevine; Baylor Scott & White Medical Center-Irving; Baylor Scott & White Medical Center–McKinney; Baylor Scott & White Medical Center-Plano; Baylor Scott & White Medical Center-Waxahachie; Baylor T. Boone Pickens Cancer Hospital; Paul and Judy Andrews Women's Hospital at Baylor All Saints Medical Center.**

Baylor and the hospital facilities under its ownership, management and control violated the FLSA and state law by knowingly and willfully permitting Plaintiff and Class Members to perform work throughout their shifts and/or to remain on duty during meal break periods while simultaneously and automatically deducting 30 minutes' worth of compensable time from each shift worked. Baylor had notice that Plaintiff and Class Members expected to be paid for their work on an hourly basis, and it received the value of the work performed by Plaintiff and Class Members during the supposed meal periods without compensating them for those services. Baylor deliberately and willfully failed to pay Plaintiff and Class Members compensation for meal break work in order to keep its labor costs down and to enrich itself at their expense.

4.     Baylor's conduct violated the FLSA because non-exempt employees such as Plaintiff and Class Members must be paid at one and one-half times their regular rate of pay for all hours worked in excess of 40 within a single week. *See* 29 U.S.C. § 207(a). Baylor's failure to pay Plaintiff and Class Members for the worked 30-minute meal break periods effectively deprived them of some of the overtime compensation to which they were entitled in the weeks in which they worked more than 40 hours.

5.     Baylor's conduct violated state law because it had an enforceable agreement with Plaintiff and, separately, with each of the Class Members, whereby Plaintiff and Class Members agreed to perform work for Baylor and in return Baylor was to pay Plaintiff and Class Members an agreed hourly rate for all time in which they performed compensable work. By failing to pay for the worked meal break periods,[2] Baylor breached those agreements. Even assuming, arguendo, the lack of an enforceable agreement, Baylor received and accepted valuable services from Plaintiff and Class Members with notice that they expected to be paid hourly for those services, and it failed to pay Plaintiff and Class Members for all services performed, specifically, for those services performed on Baylor's behalf during the supposed meal periods.

6.     Plaintiff files this action to recover, on her own behalf and on behalf of Class Members, all unpaid wages and other damages owed under the FLSA and state law, and she does so in her individual capacity, as well as in the form of a 29 U.S.C. § 216(b) collective action, and finally as a class action under Federal Rule of Civil Procedure 23, all in order to challenge and remedy the practices Baylor has integrated into its scheduling, time tracking, and payroll policies in order to deprive Plaintiff and Class Members of their lawfully-earned wages.

---

[2] The state law claims are limited to those weeks in which Plaintiff and Class Members did not work more than 40 hours in a week with the unpaid meal break hours included. There is no overlap between the FLSA and state law claims.

## II.  SUBJECT MATTER JURISDICTION AND VENUE

7.     The Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.*  The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

8.     Venue is proper in the Northern District of Texas because Baylor operates multiple facilities in this district and because a substantial portion of the events forming the basis of this suit occurred in this District.

## III.  PARTIES AND PERSONAL JURISDICTION

9.     Plaintiff ELICIA Shipman is an individual residing in Dallas County, Texas. Ms. Shipman was employed as a nurse by Baylor at its Baylor University Medical Center–Dallas facility from approximately October 2012 through October 2014. Ms. Shipman's written consent form is attached to this complaint as Exhibit "A."

10.     Class Members are all of Baylor's current and former hourly-paid nurses meeting the definitions set forth in paragraph 3 above.

11.     Baylor Health Care System is a domestic, not-for-profit corporation. It may be served with process by serving its registered agent, CT CORPORATION SYSTEM, at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

## IV.  FLSA COVERAGE

12.     At all material times, Baylor and its hospitals have been employers within the meaning of the FLSA under 29 U.S.C. § 203(d).

13.     At all material times, Baylor and its hospitals have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

14.     Plaintiff and Class Members are employees of Baylor and its hospitals within the meaning of 29 U.S.C. § 203(e).

15.     At all material times, Baylor and its hospitals have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had and continue to have employees engaged in commerce. 29 U.S.C. §203(s)(1).

16.     Baylor and its hospitals have had and continue to have an annual gross business volume not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. §203 (s)(1)(A)(ii).

17.     In addition to Plaintiff, Baylor and its hospitals employ numerous employees who are medical care staff employed in or involved with interstate commerce. Further, Baylor and its hospitals directly engage in interstate commerce as they order supplies across state lines, conduct business deals with merchants across state lines, and process patients' credit cards with banks in other states.

18.     At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. § 207.

## V.  FACTS

19.     Baylor Health Care System operates a chain of hospitals that provide healthcare services. Baylor's network of hospital facilities is primarily centered in the Dallas–Fort Worth Metroplex area and includes the following facilities:

a.     Baylor University Medical Center at Dallas;

b.     Baylor Scott & White Medical Center–Fort Worth;

c.     Baylor Scott & White Medical Center–Carrollton;

d.     Baylor Scott & White Medical Center–Garland;

e.      Baylor Scott & White Medical Center–Grapevine;

f.      Baylor Scott & White Medical Center–Irving;

g.      Baylor Scott & White Medical Center–McKinney;

h.      Baylor Scott & White Medical Center–Plano;

i.      Baylor Scott & White Medical Center–Waxahachie;

j.      Baylor T. Boone Pickens Cancer Hospital; and

k.      Paul and Judy Andrews Women's Hospital at Baylor All Saints Medical Center.

20.      Baylor employs over 40,000 people, including the Class Members, across its D/FW Metroplex area facilities.

21.      During each of the last four years, Baylor has had a payroll policy of automatically deducting 30 minutes from each shift worked by its nurses, in theory to account for a meal break period. As nurses are required to remain on duty during meal periods, assuming they take one, and as they are routinely interrupted and subject to work demands when they do, the practical effect of the policy is to deprive nurses of 30 minutes of compensation for each of their shifts worked. Nurses are never relieved of the duty to respond to calls and questions from patients, families, medical staff, and must respond to emergencies and other job-related exigent circumstances.

22.      Baylor requires nurses to clock in at the beginning and end of their shifts, but does ***not*** require employees to clock out at the beginning of their meal periods or to clock back in at the end of their meal periods. Instead, Baylor automatically deducts 30 minutes from each shift worked, notwithstanding its actual knowledge that nurses do not get bona fide meal breaks.

23.      Baylor's policy applies throughout the hospitals in its system and applies to all hourly-paid, non-exempt nurses responsible for direct patient care.

7

*Plaintiff's Employment*

24.     Plaintiff was employed as a registered nurse at Baylor University Medical Center at Dallas for two years. As a nurse, Plaintiff's primary responsibilities included providing direct patient care, to include interacting with patients, administering medicine, monitoring blood-work and patient test results, medical charting, providing assistance to physicians as needed, interacting with and answering questions from other hospital employees and visitors, and responding to emergency situations. She was paid approximately $26.00 to $28.00 per hour for this work. She worked 12-hour shifts from which Baylor automatically deducted 30 minutes for hypothetical meal breaks, using Kronos timekeeping software to make the deductions. Plaintiff worked more than four shifts per week—and thus worked in excess of 40 hours in a workweek—in multiple workweeks in each month of employment over the past three years, as reflected by Baylor's records. Plaintiff was subject to Baylor's time, pay, meal break, and overtime policies and practices. She routinely performed work during her entire shift; was required be available throughout her shift; was required to carry a hospital-issued telephone and to respond to calls, and did so; rarely took meal breaks and, on the few occasions when she attempted one, was interrupted on a regular basis. Plaintiff missed meal breaks or worked through them with the actual knowledge of her supervisors, and she was not paid for the time she spent engaged in this work.

25.     Plaintiff worked for Baylor from approximately October 2012 through October 2014 and is owed additional overtime pay during all weeks within the statute of limitations in which Baylor's records show that she worked overtime but had time deducted for meal breaks. Although Baylor varied Plaintiff's work schedule, she typically worked overtime in at least two workweeks per month, as reflected by Baylor's records. Plaintiff is also owed wages under state

law for those weeks in which she worked 40 hours or fewer and had time deducted for the worked meal breaks.

*FLSA Collective Action and Rule 23 Class Facts*

26.    Class Members were employed by Baylor and performed work materially similar to that performed by Plaintiff.

27.    During their employment, Class Members each reported to one of the hospital facilities named herein, all of which hospital facilities are owned, operated, or managed by Baylor, in order to perform their direct patient care nursing jobs.

28.    Class Members performed their jobs under the supervision of Baylor's supervisors and agents, and they used materials and technology approved and supplied by Baylor.

29.    Class Members were required to follow and abide by Baylor's common work, time, pay, and overtime policies and procedures applied across its hospitals.

30.    At the end of each pay period, Class Members received hourly-based wages from Baylor.

31.    Each FLSA Class Member worked in one or more of Baylor's hospitals for more than 40 hours in at least one workweek during the three years before this Complaint was filed.

32.    Each Rule 23 Class Member worked in one or more of Baylor's hospitals for more than 40 hours in at least one workweek during the four years before this Complaint was filed.

33.    Class Members were equally subject to Baylor's common policy of using Kronos or similar timekeeping software to automatically deduct 30 minutes from each shift worked for meal periods.

34.     Baylor expected and required Class Members to be available to work during their entire shifts, including during hypothetical meal break periods deducted from their compensable shift time.

35.     Throughout the relevant period, Baylor knew that Plaintiff and Class Members regularly missed meal breaks or performed work during meal breaks because Baylor's supervisors and agents regularly encouraged, instructed, suffered and permitted Plaintiff and Class Members to perform such work, and said supervisors and agents observed the work being performed.

36.     Moreover, Baylor required nurses to comply with professional codes of conduct for nurses and to comply with its own policy in each of its hospitals of putting patient safety and health ahead of meal periods, and then failed to pay for the work performed. Baylor and its supervisors and agents were aware that nurses must adhere to professional codes relating to patient care and abandonment, as well as to hospital nursing policies requiring availability to provide patient care throughout a shift, and they accepted the benefit of the work performed during these unpaid meal periods.

37.     Throughout the relevant period, Baylor knew that Plaintiff and Class Members, regardless of their specific job title or location, regularly performed meal break work because Plaintiff and Class Members routinely engaged in meal break work on the premises of Baylor's hospitals, in plain sight of their supervisors, and at their supervisors' request. Even on the rare occasions when Plaintiff and Class Members were not interrupted in their attempts to take meal breaks, they still provided a valuable benefit to Baylor by the mere act of being immediately available to address patient health and safety issues.

38.     As a result, throughout the relevant period, Baylor and its supervisors and agents knew that Plaintiff and Class Members were not being properly compensated for all of their

work. Baylor deliberately instituted policies and practices at its hospitals which led to Plaintiff and Class Members performing unpaid work, and then just as deliberately failed to pay Plaintiff and Class Members for the valuable services rendered.

39.     On information and belief, Baylor has employed in excess of one thousand persons who meet the definitions of the FLSA and Rule 23 Class Members given in this Complaint (above at paragraph 3) during the three-year and four-year statutory limitations periods applicable, respectively, to the FLSA and state-law claims.

## VI.  CAUSES OF ACTION

### A.  VIOLATION OF 29 U.S.C. § 207 – OVERTIME
(FLSA COLLECTIVE ACTION)

40.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

41.     Plaintiff brings a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and all of Baylor's employees meeting the FLSA Class definition in paragraph 3, above.

42.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of 40 hours per week. However, Baylor has not compensated Plaintiff and the FLSA Class Members for worked meal breaks as previously described, and this has resulted in Plaintiff and the FLSA Class Members not receiving all of the overtime pay due to them under the Act.

43.     Plaintiff is similarly situated to the FLSA Class Members who, like her, are non-exempt, hourly-paid registered nurses who perform or have performed direct patient care work for Baylor. FLSA Class Members regularly work or have worked in excess of 40 hours during a workweek, as did Plaintiff, and they were all subject to the automatic deduction of 30 minutes from their worked shifts, as was Plaintiff. The claims of Plaintiff and the FLSA Class Members

arise from a common nucleus of operative facts, namely, Baylor's policy of automatically deducting 30 minutes of compensable time from each shift for meal break periods which comprised time worked for Baylor's predominant benefit.

44.     Baylor cannot satisfy its burden of proof to demonstrate that Plaintiff and FLSA Class Members received bona fide meal breaks in exchange for the 30-minute periods automatically deducted from their wages.

45.     Plaintiff has actual knowledge that FLSA Class Members have been denied compensation for their meal breaks worked or not taken. Specifically, Plaintiff has actual knowledge that FLSA Class Members have been denied overtime pay for meal break work and would therefore likely join this collective action if provided a notice of their right to do so together with a clear statement that doing so would not result in termination or other forms of retaliation by Baylor.

46.     Baylor's failure to pay overtime compensation required by the FLSA results from its generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

47.     Although Plaintiff and FLSA Class Members may have had different job titles and/or worked in different hospital facilities, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant period:

   a.   Baylor implemented common scheduling systems and policies at its hospitals with respect to non-exempt, direct patient care nurses, and its supervisors and agents had the authority to review, revise and approve nurse work schedules, to include the power to require work to be done during the meal break periods at issue in this suit;

   b.   Baylor implemented common timekeeping systems and policies with respect to Plaintiff and FLSA Class Members;

   c.   Baylor implemented common payroll systems and policies with respect to Plaintiff and FLSA Class Members; and

d. Baylor controlled the meal break work policies and practices at issue in the litigation and had the ability to deprive Plaintiff and FLSA Class Members of wages owed for work performed, and in fact did so by automatically deducting 30 minutes of compensable time from each shift worked without providing Plaintiff and the FLSA Class with bona fide meal breaks.

48. Although the exact amount of damages may vary among FLSA Class Members, those damages can be easily calculated, summed, and allocated based on a simple formula predicated upon the number of shifts worked and the individual's hourly rate.

49. Plaintiff estimates that the FLSA Class, including both current and former employees over the relevant period, will number substantially more than 1,000 people. The precise number of FLSA Class Members should be readily available from the personnel, scheduling, time and payroll records of Baylor's hospitals, and from input received from Class Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Class Members of the collective action are discoverable from Baylor. Given the composition and size of the Class, notice will be provided to these individuals via First Class Mail, e-mail and other modes of notice similar to those customarily used in representative actions.

50. Baylor's failure to pay Plaintiff and FLSA Class Members for all overtime hours worked was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

B. VIOLATIONS OF TEXAS STATE LAW
(RULE 23 CLASS ACTION)

51. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

52. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all other similarly situated employees, pursues state-law class action claims for breach of contract, quantum meruit, and unjust enrichment against Baylor.

53. Plaintiff seeks certification of the Rule 23 class defined in paragraph 3, above, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Baylor's practice of requiring nurses to remain on duty throughout their shifts while simultaneously deducting 30 minutes of compensable time per shift, thereby requiring unpaid work and failing to pay Plaintiff and other similarly situated employees their agreed rate of pay or the reasonable value of the services they rendered for all of their hours worked.

55. Throughout the relevant period, whether through an agreement, handbook, and/or policy concerning the provision of meal breaks, Baylor promised to provide Plaintiff and Rule 23 Class Members with one unpaid meal break per shift.

56. Throughout the relevant period, Baylor routinely and knowingly required and allowed Plaintiff and Rule 23 Class Members to remain on duty and to perform work throughout their shifts, including during all unpaid meal breaks.

57. As a result of the common work, time, pay, and meal break policies and procedures in place at Baylor's hospitals in the D/FW Metroplex area during the relevant period, Plaintiff and Rule 23 Class Members are similarly situated regardless of their precise job titles or work locations, as they were all regularly deprived of pay owed for meal break work performed in workweeks in which Plaintiff and the Rule 23 Class Members worked 40 hours or fewer.

58. As a result of its improper conduct, Baylor has retained money it should have paid to Plaintiff and to the Rule 23 Class Members for work performed. By retaining this money,

Baylor received an inequitable windfall through, *inter alia*, reduced labor and operations costs and enhanced profit margins.

59.     Plaintiff's state-law claims against Baylor for breach of contract, quantum meruit, and unjust enrichment all satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

60.     **Numerosity**. The class satisfies the numerosity standard as, on information and belief, the number of nurses within the class definition is believed to number substantially over 1,000 persons. Consequently, joinder of all Rule 23 Class Members in a single action is impracticable. Plaintiff notes that the data required to calculate the precise size of the class is within the sole control of Baylor.

61.     **Commonality**. There are questions of law and fact common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Baylor's actions include, without limitation, the following:

  a.      Whether Baylor had a policy and practice of requiring nurses at its hospitals to remain on duty throughout their shifts including during any uncompensated meal breaks;

  b.      Whether Plaintiff and Rule 23 Class Members performed unpaid work during their shifts;

  c.      Whether having nurses remain available throughout the shift to tend to patient health and safety issues provides a valuable service to Baylor's hospitals;

  d.      Whether Baylor's supervisors and agents directed, required, requested, and/or permitted Plaintiff and Rule 23 Class Members to work during unpaid meal breaks;

  e.      Whether Baylor's supervisors and agents knew or should have known that Plaintiff and Rule 23 Class Members were not compensated for work performed during unpaid meal breaks;

f.      Whether Baylor entered into agreements with Plaintiff and Rule 23 Class Members concerning payment for all work performed, and whether Baylor breached such agreements;

g.      Whether Baylor derived a benefit from nurses being available and being required by professional codes of conduct and hospital policy to respond to the needs of patients throughout a shift, including during unpaid meal periods;

h.      Whether valuable services were rendered to Baylor by the Plaintiff and Rule 23 Class Members during unpaid meal break times and during post-shift work, and whether Baylor accepted the benefit of Plaintiff's and Rule 23 Class Members' unpaid services;

i.      Whether Baylor was unjustly enriched by Plaintiff's and Rule 23 Class Members' unpaid work; and

j.      Whether the proper measure of damages, including the reasonable value of services performed, can be based upon the agreed hourly rate of pay.

62.     **Typicality**. Plaintiff's claims are typical of those of the class because Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the prospective Rule 23 Class Members. Like the Rule 23 Class Members, Plaintiff worked as a nurse for one of Baylor's hospitals during the period material to the suit. Like the Rule 23 Class Members, Plaintiff was subject to the same system-wide policy requiring nurses to remain on duty throughout their shifts while Baylor uniformly deducted 30 minutes of pay from each shift worked. Like the Rule 23 Class Members, Plaintiff was subject to the same professional code of conduct and hospital policies requiring nurses to place availability to tend to their patients above all other concerns, even during unpaid meal periods. These and the other facts previously set forth in this Complaint apply equally to Plaintiff and the Rule 23 Class Members.

63.     **Adequacy**. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the Rule 23 Class Members she seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff and

by the undersigned counsel, who have extensive experience in employment and class action lawsuits.

64. **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even if each and every member of the Class could afford to pursue individual litigation against a company the size of Baylor Health Care System, doing so would unduly burden the court system. Individual litigation of more than 1,000 claims would magnify the delay and expense to all parties and would flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Class would create risk of inconsistent and varying judicial results and would run the risk of establishing incompatible standards of conduct for Baylor. A single class action is appropriate to determine the rights of all Rule 23 Class Members in conformity with the interest of efficiency and judicial economy.

## COUNT ONE: BREACH OF CONTRACT

65. Plaintiff re-alleges and incorporates all allegations contained in the foregoing paragraphs.

66. A valid and enforceable agreement existed between Plaintiff and Baylor, and between each Rule 23 Class Member and Baylor, the terms and conditions of which included, but were not limited to, an agreement by the individual nurses to perform services for Baylor, and for Baylor to pay those nurses at an agreed hourly rate for all time spent performing compensable work.

67. Plaintiff and the Rule 23 Class Members duly performed under the agreement at Baylor's direction and for Baylor's benefit.

68. Baylor failed and refused to perform its obligations under the agreement by deducting 30 minutes of pay from each shift worked by Plaintiff and Rule 23 Class Members

notwithstanding the fact that the time deducted was work time used for the benefit of Baylor, thereby failing to compensate Plaintiff and Rule 23 Class Members for all of their time worked.

69.    Plaintiff and Rule 23 Class Members are entitled to recover damages sustained over the last four years from Baylor's breach.

70.    Plaintiff and Rule 23 Class Members are entitled to costs and attorneys' fees for breach of contract.

### COUNT TWO: QUANTUM MERUIT

71.    Plaintiff re-alleges and incorporates all allegations contained in the foregoing paragraphs.  This claim is plead in the alternative to the breach of contract claim.

72.    Plaintiff and Rule 23 Class Members performed valuable services for Baylor during their unpaid 30-minute meal break periods.

73.    These services had a reasonable value no less than the hourly rate agreed between Baylor and each individual nurse.

74.    Baylor accepted and retained the benefit of the valuable services performed by Plaintiff and the Rule 23 Class Members.

75.    No contract exists between Plaintiff and Baylor, or between the Rule 23 Class Members and Baylor, regarding the provision of services during unpaid meal break periods.

76.    Baylor had reasonable notice and/or knowledge that Plaintiff and Rule 23 Class Members expected to be compensated for services rendered for Baylor.

77.    Baylor failed to pay Plaintiff and Rule 23 Class Members the reasonable value of the services they performed during unpaid meal break periods.

78.    Plaintiff and Rule 23 Class Members are entitled to recover damages under this claim for the last four years.

79.     Plaintiff and Rule 23 Class Members are entitled to attorneys' fees and costs for this claim.

### COUNT THREE: UNJUST ENRICHMENT

80.     Plaintiff re-alleges and incorporates all allegations contained in the foregoing paragraphs.

81.     Baylor has been unjustly enriched at the expense of the Plaintiff and Rule 23 Class Members by failing to pay for work performed by Plaintiff and Rule 23 Class Members during meal periods.

82.     Baylor knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff and the Rule 23 Class Members during meal break periods, despite its policy and practice of failing to pay Plaintiff and Rule 23 Class Members for such work. In particular, Baylor received the benefit of the labor and services provided to Baylor's customers (patients) by Plaintiff and Rule 23 Class Members.

83.     Such wrongful conduct demonstrates bad faith and undue advantage on the part of Baylor.

84.     It would be unjust and inequitable for Baylor to retain the benefit of the unpaid work performed by Plaintiff and Rule 23 Class Members.

### VII.   DAMAGES SOUGHT

85.     Plaintiff and FLSA Class Members are entitled to recover their unpaid overtime wage compensation.

86.     Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages.  29 U.S.C. § 216(b).

87.     Plaintiff and FLSA Class Members are entitled to recover attorneys' fees and costs as required by the FLSA.  29 U.S.C. § 216(b).

88.     Plaintiff and Rule 23 Class Members are entitled to recover damages flowing from the breach of contract; or, in the alternative, the reasonable value of the services they provided, all monies held by Baylor that belong to Plaintiff and Rule 23 Class Members, the value by which Baylor was unjustly enriched by receiving the unpaid labor; as well as attorneys' fees and costs; pre-judgment and post-judgment interest as provided by law; and such other relief the Court deems fair and equitable.

## VIII.   JURY DEMAND

89.     Plaintiff hereby requests a trial by jury.

## IX.   PRAYER

90.     For the foregoing reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

    a.     An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

    b.     An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

    c.     An order finding that Baylor Health Care System violated the FLSA;

    d.     An order finding that the FLSA violations were willful;

    e.     All unpaid overtime wages;

    f.     An amount equal to the unpaid overtime wages as liquidated damages allowed under the FLSA;

    g.     All unpaid non-overtime wages;

    h.     Reasonable attorneys' fees, costs, and expenses of this action as provided for by the FLSA and by applicable state law; and

    i.     Such other and further relief to which Plaintiff and Class Members may be entitled at law or in equity.

Respectfully submitted,

_/s/ Alex Mabry_

Alex Mabry
State Bar No. 00792043
**MABRY LAW FIRM, PLLC**
7155 Old Katy Road, Suite N235
Houston, Texas 77024
Telephone: 832-350-8335
Facsimile: 832-831-2460
amabry@mabrylaw.com
**ATTORNEY-IN-CHARGE**
**FOR PLAINTIFF AND CLASS MEMBERS**

Galvin B. Kennedy
State Bar No. 00796870
**KENNEDY HODGES, L.L.P.**
4409 Montrose Blvd., Ste. 200
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
gkennedy@kennedyhodges.com
**CO-COUNSEL FOR PLAINTIFF**
**AND CLASS MEMBERS**